UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20- 01211 |
| | ) |
| $77,471.00 IN UNITED STATES | ) |
| CURRENCY, More or less, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $77,471.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

**THE DEFENDANT IN REM**

2. The defendant property consists of: $77,471.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about May 29, 2020 during a traffic investigation of a rented 2019 Nissan driven by Joseph Cassista on I-70 at milepost 340 in

Wabaunsee County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

_____
COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316) 269-6484

## DECLARATION

I, Luke Rieger, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of August, 2020.

TFO Luke Rieger
DEA

## AFFIDAVIT

I, Luke Rieger, being first duly sworn, depose and state:

1. Your Affiant has been employed as a Kansas Highway Patrol (KHP) Trooper since March 2010 and has been cross-designated as a DEA Task Force Officer since June 2015. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.
2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.
3. On May 29, 2020, Kansas Highway Patrol Trooper Chandler Rule stopped for a traffic violation a rented 2019 Nissan Altima on westbound I-70 at milepost 340 in Wabaunsee County, in the District of Kansas. The vehicle was driven by Joseph CASSISTA who said that he was traveling from Florida back home to Colorado. CASSISTA told the Trooper that he had driven his brother's car to Florida where CASSISTA then spent two weeks visiting family.
4. After the traffic stop, consent to search was requested and granted by CASSISTA. CASSISTA first told the Trooper that there were no large amounts of cash in the vehicle, but later said there was an unknown amount of cash. The search located $77,471.00 in United States currency in 5 vacuumed-sealed bags in a suitcase. The currency was packaged consistent with that of narcotic proceeds when packaged for transport.
5. CASSISTA later told the investigating DEA agent that CASSISTA had driven his friend's car to Florida to do marijuana business consulting.
6. When asked why CASSISTA had placed the currency into vacuum-sealed plastic CASSISTA said because it smelled like marijuana.
7. CASSISTA has a criminal history for theft.

8. Later, at another location, a certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

9. Based on the information set out above, Affiant has probable cause to believe that the $77,471.00 seized by Kansas Highway Patrol constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Luke Rieger, TFO
DEA

Sworn to and subscribed before me this 3rd day of August, 2020.

MICHELLE STEPHENS
Notary Public - State of Kansas
My Appt. Expires 5/23/2022

Michelle Stephens
Notary Public